UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the UTILITY WORKERS' UNION OF AMERICA NATIONAL HEALTH AND WELFARE FUND,

    Plaintiff,

v.

DTE ELECTRIC COMPANY, a Michigan corporation, DTE GAS COMPANY, a Michigan corporation, and DTE ENERGY CORPORATE SERVICES, LLC, a Michigan corporation,

    Defendants.
_____/

Case No.

Hon.

# COMPLAINT

1. This is an ERISA collection action brought by trustees a jointly administered, multi-employer benefit fund to, *inter alia*, collect unpaid benefit contributions, interest, double interest or liquidated damages, assessments, and costs, plus attorneys' fees and costs, from Defendants. This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145 *et. seq.*, and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a).

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) and ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

4. Plaintiff is a group of trustees and fiduciaries of the Utility Workers' Union of America National Health and Welfare Fund ("Healthcare Fund"), which is a jointly administered, multi-employer benefit fund. The Healthcare Fund maintains its principal office and place of business in Lansing, Michigan. The Healthcare Fund receives benefit contributions from various employers pursuant to the terms of collective bargaining agreements ("CBAs") and the Participation Agreement ("PA").

5. Defendants do business in the gas and electric industry and its principal place of business is located at One Energy Plaza, Detroit, Michigan 48226.

6. Defendants are employers within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(5) of ERISA, 29 U.S.C. §1002(5).

2

## DEFENDANTS' CONTRIBUTION OBLIGATIONS

7. Utility Workers' Union of America, Local Union No. 223 ("Local 223") is a labor organization that enters into CBAs with employers, including CBAs that require employers to remit benefit contributions to the Healthcare Fund.

8. Defendants are bound to the 2010-2013, 2013-2017 and 2017-2021 CBAs and a 2011 PA with the Local 223 ("the CBAs"). (Exhibits 1, 2, 3 and 4).

9. The CBAs set forth the wages, hours and other terms and conditions of employment for Defendants' bargaining unit employees (BUEs).

10. At all relevant times, Defendants were bound to the 2010-2013, 2013-2017 and 2017-2021 CBAs and PA. (Exhibits 1, 2, 3, and 4).

11. The CBAs require Defendants to make a weekly benefit contribution to the Healthcare Fund on behalf of its BUEs.

12. Defendants remit these contributions to the Healthcare Fund on behalf of its BUEs on bi-weekly basis via a wire payment.

## DEFENDANTS' VIOLATIONS OF ERISA AND THE CBAs

13. From January 2012 through September 2019, Defendants employed BUEs who performed work covered by the terms of the CBAs.

14. From January 2012 through September 2019, Defendants failed to remit proper contributions to the Healthcare Fund.

15. Plaintiff sought to conduct a payroll audit of work performed by Defendants' BUEs, on October 6, 2014, for the period of January 2012 to September

2014. (Exhibit 5, Letter to DTE regarding audit). But Defendants did not provide such records.

16. Due to the Defendants' non-compliance and delays, the audit period has been extended to include the period October 2014 through September 2019, for those DTE BUEs captured by the October 2014 audit request.

17. Pursuant to the CBAs, the Healthcare Fund audited Defendants to determine contribution amounts owed from January 2012 through September 2019 for those DTE BUEs captured by the October 2014 audit request ("Audit Period").

18. As a result of work performed by DTE BUEs captured by the October 2014 audit request during the Audit Period, Defendants owe **$149,785.00** for unpaid benefit contributions. (Exhibit 6, Audit Results).

## COUNT I

### FAILURE TO MAKE BENEFIT CONTRIBUTIONS AS A VIOLATION OF ERISA

19. Plaintiff incorporates the allegations of preceding paragraphs by reference.

20. Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

4

21. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. Section 502 expressly authorizes the recovery of unpaid benefit contributions, interest, double interest or liquidated damages and attorney's fees and costs. Also, a suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

22. Defendants' failure to make contractually required fringe benefit contributions violates ERISA. 29 U.S.C. §§1132 and 1145.

23. Defendants' failure also violates the CBAs and relevant Trust Agreement.

24. The Healthcare Fund is entitled to all remedies under ERISA, including a judgment for unpaid benefit contributions, audit assessments, interest, double interest or liquidated damages, attorney's fees and costs and other legal and equitable relief. 29 U.S.C. §1132.

WHEREFORE, Plaintiff requests that this Court enter a judgment and order against Defendants as follows:

A. Awarding the Healthcare Fund **$149,785.00** for the unpaid benefit contributions found due in the Audit Period;

B. Awarding the Healthcare Fund audit assessments, audit costs, interest, double interest or liquidated damages, and attorney's fees and costs; and

C. Granting the Healthcare Fund all additional and/or other relief (including injunctive and equitable relief) to which they are entitled.

## COUNT II

### FAILURE TO MAKE BENEFIT CONTRIBUTIONS AND REPORTS IN VIOLATION OF THE CBAs AND TRUST AGREEMENT

25. Plaintiff incorporates the allegations set forth in preceding paragraphs by reference.

26. Section 301(a) of the LMRA provides a federal forum to enforce labor contracts, which include the contractual promises to submit to audits and to make benefit contributions. 29 U.S.C. §185(a).

27. Plaintiff Trustees and the Healthcare Fund are third-party beneficiaries of the CBA and/or other written agreements.

28. Defendants have breached the CBAs, the Trust Agreement, and the Healthcare Fund's Collection Rules and Procedures incorporated into the CBAs by failing to pay benefit contributions and other amounts owed to the Healthcare Fund, the third-party beneficiaries of the CBAs. (Exhibits 1, 2, 3, 4, 7 and 8).

29. Under the CBAs and Trust Agreement and other written agreements, the Healthcare Fund is entitled to recover unpaid benefit contributions, interest, double interest or liquidated damages, assessments, and costs found due in the audit, plus attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court enter a judgment and order against Defendants as follows:

A.	Awarding the Healthcare Fund **$149,785.00** for the unpaid benefit contributions found due in the Audit Period;

B.	Awarding the Healthcare Fund audit assessments, audit costs, interest, double interest or liquidated damages, and attorney's fees and costs; and

C.	Granting the Healthcare Fund all additional and/or other relief (including injunctive and equitable relief) to which they are entitled.

*/s/Megan B. Boelstler*
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Lauren E. Crummel (P73333)
Attorneys for Plaintiffs
306 South Washington Avenue, Suite 600
Royal Oak, Michigan 48067-3837
248.398.5900
cpl@legghioisrael.com
mbb@legghioisrael.com
crummel@legghioisrael.com

Attorneys for Plaintiffs

September 30, 2020